## Pierse *v.* Amonett et al.

One with whom slaves seized under an attachment are left, in virtue of an agreement between the parties that he shall have control over them till the termination of the action, with authority to hire or otherwise employ them, has no such use of the slaves as is contemplated by art. 47 of the Code of Practice; and, being the mere depositary of the slaves pending the attachment, possessing in the name of another, he cannot maintain a possessory action for their recovery. C. P. 48.

APPEAL from the District Court of Madison, *Selby*, J. *Pierse*, pro se. *Thomas* and *Snyder*, for the appellants. *Amonett*, one of the appellants, appeared on the same side. The judgment of the court was pronounced by

King, J. This is a possessory action instituted by the plaintiff to recover the possession of two slaves, of which he alleges he has been forcibly and fraudulently dispossessed by the defendants. The defendants deny that the plaintiff has ever had such possession of the slaves in controversy, as authorizes him to maintain this action. They further aver that they are the owners of the slaves, under a sheriff's sale. A judgment was rendered in favor of the plaintiff in the court below, from which the defendants have appealed.

It appears, from the evidence, that the slaves in question belonged to *McKee*, and were attached at the suit of *E. T. Powell. Pierse*, the plaintiff, and *J. I. Amonett*, one of the defendants, became the sureties of the defendant in attachment in a bond to release the slaves, in consequence of which the following agreement was entered into:

"In the case of *E. T. Powell* v. *G. B. McKee*, Ninth District Court, Parish of Madison, Louisiana. In this case, the boys attached, *Asbury* and *Sam*, have been left with *Allen Pierse*, and he has full control over them till the suit is ter-

PIERSE
v.
AMONETT.

minated, or some amicable arrangement made, and has authority to hire them, and do the best he can with them.

"23d January, 1846.      (Signed.)      Agent for McKEE,
    "Attest                                          "W. S. THOMPSON.
"JAMES I. AMONETT.                              "EDLEY T. POWELL."

Under a judgment rendered in the State of Tennessee against McKee, and made executory in this State, the slaves were seized and sold, during the temporary absence of the plaintiff, Pierse, from the State, and purchased by the defendants.

To the plaintiff's right of action, it is objected that he has not claimed as owner, and was not in possession for twelve months previous to the institution of this suit; to which he answers that, he is entitled to the use of the slaves, and was fraudulently dispossessed.

The term "use" which occurs in the 47th article of the Code of Practice, is there employed in its technical sense, to designate one of the titles in virtue of which the possessory action may be maintained. It is clear that the agreement under which the plaintiff claims, invested him with no such title. He was the mere depositary of the slaves pending of the proceedings in attachment, possessed in the name of another, and was not entitled to the possessory action. C. P. art. 48.

It is therefore ordered, that the judgment of the District Court be reversed, and that there be judgment for the defendants, the appellee paying the costs of this appeal.